# EXHIBIT A

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CREDIT ONE BANK, and DOES 1 through 10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FORTINO RAEZ, an individual,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*
**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

MAR 15 2017

Sherri R. Carter, Executive Officer/Clerk

By: Anabella Zoe Miro, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

111 N. Hill Street
Los Angeles, CA 90012

**CASE NUMBER:** *(Número del Caso):* BC 7 K 0 2 8 4 5

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

L. Paul Mankin (SBN 264038) 4655 Cass Street, Suite 112, San Diego, CA 92109 (800) 219-3577

DATE: MAR 15 2017
*(Fecha)* SHERRI R. CARTER Clerk, by Anabella Miro , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

13:53:33 2017-03-15

Opt-Out: Not Defined

L. Paul Mankin (SBN 264038)
The Law Office of L. Paul Mankin
4655 Cass St., Ste. 112
San Diego, Ca 92109
Phone: (800)-219-3577
Facsimile: (323) 207-3885
pmankin@Paulmankin.com
Attorney for Plaintiff
FORTINO RAEZ

**FILED**
Superior Court of California
County of Los Angeles

MAR 15 2017

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Zoe Miro

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR LOS ANGELES COUNTY

LIMITED JURISDICTION

| | |
|---|---|
| FORTINO RAEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT ONE BANK, and DOES 1 through 10 inclusive,<br><br>Defendant. | Case No.: 17K02845<br><br>**COMPLAINT**<br>Amount not to exceed $10,000.00<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act;<br>2. Violation of the Telephone Consumer Protection Act. |

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

COMPLAINT - 1

Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## PARTIES

2. Plaintiff FORTINO RAEZ("Plaintiff"), a natural person who at all times herein mentioned was a resident of the City of Los Angeles, County of Los Angeles, and State of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

3. At all relevant times herein, Defendant, CREDIT ONE BANK (hereinafter "Defendant") was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt" as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c).

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of *Section 474 of the California Code of Civil Procedure*.

5. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. This alleged financial obligation was the result of a "consumer credit transaction", as defined by Cal. Civ. Code §1788.2(e), and is therefore a "consumer debt", as defined by Cal. Civ. Code §1788.2(f).

8. Defendant has regularly placed calls to Plaintiff in its attempt to collect the alleged debt via Plaintiff's cellular phone.

9. Within one year prior to the filing of this action, specifically on or around April 2016, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff. Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment. The frequency and pattern of Defendant's telephone calls to Plaintiff evidences Defendant's intent to harass Plaintiff.

10. Additionally, Defendant is attempting to collect an alleged debt that Plaintiff does not owe.

11. As an illustrative example, on Defendant contacted Plaintiff eight times on April 2, 2016, at 12:04 pm, 2:14 pm, 2:16 pm, 5:16 pm, 6:45 pm, 7:24 pm, 8:04 pm, and 8:39 pm.

12. Moreover, even if Defendant once had Plaintiff's consent to contact him on his cellular telephone using an "ATDS", Plaintiff has since revoked that consent.

13. On information and belief, Defendant utilized an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiff seeking to collect debt allegedly owed. This is evidenced by the volume and nature of calls that Defendant has placed to Plaintiff's cellular phone.

14. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

COMPLAINT - 3

a) Communicating, by telephone or in person, with plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances (Cal. Civ. Code §1788.11(c));

b) Communicating at an usual time, unusual place, or unusual time and place known to be inconvenient for the consumer, before 8:00 am and after 8:00 pm (Cal. Civ. Code § 1692c(a)(1));

c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code §1788.11(d));

d) Committed any conduct the natural consequence of which is to harass, oppress, or abuse any person (Cal. Civ. Code § 1692d);

e) Caused the telephone to ring or engaged any person in telephone conversations repeatedly (Cal. Civ. Code § 1692d(5)).

15. As a result of the above violations of the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT 1: VIOLATION OF THE ROSENTHAL FAIR DEBT COLLCTION PRACTICES ACT

16. Plaintiff reincorporates paragraphs 1 through 18 as if fully written herein.

17. § 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d, and § 1692d(5).

18. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant

COMPLAINT - 4

for the following:

    A.  Actual damages;

    B.  Statutory damages

    C.  Costs and reasonable attorney's fees; and

    D.  For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

21. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

23. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

24. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and request s$500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*;

C. Any and all other relief that the Court deems just and proper;

### PLAINTIFF HEREBY REQUESTS A JURY TRIAL

Date: March 14, 2017

Paul Mankin, Esq.
Attorney for Plaintiff

COMPLAINT - 6